Rex Lamont Butler
Rex Lamont Butler and Associates Inc., P.C.
745 W. 4th Avenue, Suite 300
Anchorage, AK 99501
Tel: (907)272-1497
Fax: (907)276-3306
Email: rexbutlercalendar@gmail.com
**Attorney for Defendant**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA AT ANCHORAGE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| Vs. | ) | 3:20-cr-00080-SLM-DMS |
| | ) | |
| MOISES MARTIN-LARA, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS ALL EVIDENCE FROM SEARCH WARRANT BASED ON OMISSION OF CRUCIAL FACTS TO ESTABLISHING PROBABLE CAUSE.**

FACTS, IN RELEVANT PART

Moises Martin-Lara, incorporates by reference the DEA reports (bates 00000001-00000010) filed under seal and search warrants 3:20-MJ-000451-MMS,

3:20-MJ-000475-MMS, 3:20-MJ-000447-MMS also filed under seal, as part of the facts relevant to his motion to suppress.

II

**ARGUMENT**

**ALL EVIDENCE DISCOVERED BASED ON SEARCH WARRANTS 3:20-MJ-00475-MMS, 3:20-MJ-00447-MMS AND 03:20-MJ-00209-DMS SHOULD BE SUPRESSED BECAUSE THERE WAS NO REASONABLE SUSPICION SUPPORTED BY ARTICULABLE FACTS TO DETAIN EITHER PARCEL AND SUBJECT THEM TO A K-9 SNIFF**

> Postal inspectors may detain a package to conduct an investigation "if they have a reasonable and articulable suspicion" that it contains contraband or evidence of illegal activity. *Aldaz*, 921 F.2d at 229. To determine whether reasonable suspicion exists, reviewing courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 151 L. Ed. 2d 740, 122 S. Ct. 744 (2002). In evaluating the totality of the circumstances, the court may not consider each factor in isolation. *See id.* at 274 (rejecting evaluation of the listed factors in isolation from each other as a type of "divide-and-conquer analysis"). Reasonable suspicion may exist even if each factor, standing alone, is susceptible to an innocent explanation. *Id.* at 277-78.

United States v. Hernandez, 313 F.3d 1206, 1210 (9th Cir. 2002).

In United States v. Johnson, 171 F.3d 601, 603 (8th Cir.1999), the court stated that:

> Law enforcement authorities must possess a reasonable suspicion based on articulable facts that a package contains

2

contraband before they may detain the package for investigation. *Id.* at 252-53. Reasonable suspicion exists when, based on the totality of the circumstances, an officer possesses a "particularized and objective basis" for suspecting that the package contains contraband, that is, more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry v. Ohio,* 392 U.S. 1, 27, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). Moreover, " conduct typical of a broad category of innocent people provides a weak basis for suspicion." *United States v. Weaver,* 966 F.2d 391, 394 (8th Cir.) (citation omitted), *cert. denied,* 506 U.S. 1040, 121 L. Ed. 2d 699, 113 S. Ct. 829 (1992).

While we are mindful that "conduct which would be wholly innocent to the untrained observer . . . might acquire significance when viewed by an agent who is familiar with the practices of drug [traffickers] and the methods used to avoid detection," . . . "it is impossible for a combination of wholly innocent factors to combine into a suspicious conglomeration unless there are concrete reasons for such an interpretation."*United States v. Beck,* 140 F.3d 1129, 1137 (8th Cir. 1998) (citations omitted).

The government relied upon the following facts to support the officer's reasonable suspicion of criminal activity: the labels were hand-written, the package was mailed from one individual to another individual at the same address, the package was mailed from a narcotics source state, and the return address zip code was different from the accepting zip code. **We hold that these particularized facts, when considered individually and in combination, do not support a finding of reasonable suspicion of criminal activity to warrant the interception and detention of the package sent by appellant**.

The record before us wholly lacks a description of Inspector Vajgert's inferences, or deductions from his experience, that the factorsin the Express Mail/Narcotics profile are consistent with characteristics of packages found to contain contraband, and that the package in question might contain contraband. The inspector did not testify at the suppression hearing, and his affidavit did no more than state that he had eight years of experience as a postal inspector along with some training courses, and that the package in question met the Express Mail/Narcotics Profile. The Supreme Court has made it particularly clear that " based on the whole picture,

3

> the detaining officers must have a particularized and objective basis for suspecting a particular [package detained] of criminal activity." <u>United States v. Cortez,</u> 449 U.S. 411, 417-18, 66 L. Ed. 2d 621, 101 S. Ct. 690 (1981). In this case, there was no articulation of how the officer's experience bore upon his appraisal of the package in light of the profile.

<u>Johnson</u>, at 603-605.

Here, inspector Horne offers nothing more than a mere profile of the suspect parcel. He did not articulate particularized reason why the parcel aroused his suspicion beyond reciting the established profile. Therefore, there was not basis to interfere with the parcel and subject it to a K-9 sniff. As such, all evidence that resulted from the K-9 sniff of the parcel and issuance of search warrant 3:20-MJ-00447 and 3:20-MJ-00475 should be suppressed.

**ALL EVIDENCE FROM WARRANT 3:20-MJ-000451-MMS SHOULD BE SUPPRESSED BECAUSE CRUCIAL FACTS NECESSARY TO DETERMINING WHETHER THERE WAS PROBABLE CAUSE TO ISSUE THE SAID WARRANT WERE DELIBERATELY OMITTED.**

The Supreme Court held that defendants may challenge the truthfulness of factual statements in search warrant affidavits. <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). As stated by the Court:

> Because it is the magistrate who determines independently whether there is probable cause, it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain deliberately or recklessly false statements, were to stand beyond impeachment.

4

Franks, 438 U.S., at 165.

Pursuant to Franks, a defendant has the burden of alleging that the affiant made deliberate or reckless misstatements. The defendant is required to specify which statements are at issue and to make a preliminary showing that the statements were deliberately or recklessly false. The misstatements must be material and necessary to a finding of probable cause. An evidentiary hearing is required once the defendant makes this preliminary showing. Franks, 438 U.S., at 471-72. That is to say, to satisfy the requirement of making a preliminary showing, a defendant must: (a) specify which portions of the affidavit are false; (b) allege that the misstatements were deliberately or recklessly made; (c) make an offer of proof, including affidavits; (d) challenge the affiant's veracity; and (e) demonstrate that the statements are necessary for a finding of probable cause. U.S. v. DeCesare, 765 F.2d 890, 894-95 (9 Cir. 1985).

The defendant bears the burden of proving a violation of Franks by a preponderance of evidence. United States v. Dozier, 844 F.2d 701, 705 Franks, 438 U.S., at 165. If, after the evidentiary hearing, the Court concludes that the magistrate was deliberately or recklessly mislead, the proper remedy is suppression. United States v. Leon, 468 U.S. 897 (1984) ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in

an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth").

Franks analysis is applicable to omissions. U.S. v. Stanert, 762 F.2d 775, 780-81 (9th Cir. 1985).

**Specification Of Misstatements And Omissions**

Moises submits that Postal Inspector Kevin Horne made the following material misstatements and omissions, and that he did so deliberately or recklessly:

1. Postal Inspector Kevin Horne omitted the fact that Ms. Adera Leonard upon arriving at 5511 Windflower Circle, Anchorage, AK, exited her vehicle with a small purse and accessed the driver's side of a black GMC pickup truck, before walking inside unit A.

2. Postal Inspector Kevin Horne omitted the fact that neither MOISES MARTIN-LARA nor anyone else was observed to exit the house with anything including the parcel.

3. Postal Inspector Kevin Horne omitted the fact that the electronic monitoring device emitting a break tone, indicating that the subject parcel had been open, went off while MOISES MARTIN-LARA and Kenyon Jackson were outside the house and in a white Ford Fusion vehicle driven by Jackson.

4. Postal Inspector Kevin Horne omitted the fact that the subject parcel was thrown out of a moving car (the white ford fusion) and was observed on the ground near a trooper's vehicle.

5. Postal Inspector Kevin Horne omitted the fact that MOISES MARTIN-LARA was seized and detained from a car (the white ford fusion) that was northbound on Windflower Circle (being driven by Kenyon Jackson) when Agents and Troopers blocked the vehicle in.

6. Postal Inspector Kevin Horne omitted the fact that the MOISES MARTIN-LARA was transported back to 5511 Windflower Circle after being seized from Jackson's vehicle that was driving north bound on Windflower Circle before being boxed by law enforce agents and taken back to his 5511 Windflower Circle where he was interrogated in the garage.

**The Misleading Omissions Were Deliberately Or Recklessly Made**

It was necessary for Postal Inspector Kevin Horne to establish probable cause that evidence of distribution and possession of controlled substance was located at 5511 Windflower Circle. The Postal Inspector had to establish that the packaged transported by Adera Jackson was not left outside in the vehicle she briefly stopped at (the GMC pick truck), or the vehicle driven by Kenyon Jackson which was the subject of a forced felony traffic stop. Postal Inspector Horne had

7

to establish that the beeper and GPS show that the parcel was opened, **not** on the street or in Jackson's car that was northbound on Windflower Circle, but in Unit A, 5511 Windflower Circle.

The way the affidavit was presented, leads to skewed and invalid conclusions. For instance: it leads one to believe that the package was opened at 5511 Windflower Circle, Apartment A, even though it is alleged that when the electronic monitor indicated the parcel had been opened, Jackson and Martin-Lara drove off headed northbound on Windflower. (*DEA report, paragraph 10*).

Second, it omits information that suggests that it is possible that Adera Jackson left the parcel outside in the GMC pickup truck she briefly accessed before walking into the apartment. (*DEA report, paragraph 8*).

Third, it conceals the facts that MOISES MARTIN-LARA or anyone exiting 5511 Windflower Circle, Apartment A, was not seen in possession of the parcel. (*DEA report, paragraph 9*).

Fourth, it fails to disclose to the issuing judge the fact that the opened parcel was recovered away from 5511 Windflower Circle, Apartment A. The parcel was thrown out of a moving vehicle being driven by Kenyon Jackson as it was north bound on Windflower Circle. (*DEA report, paragraph 10*).

There is no doubt that the issuing judge gave great weight to the misleading facts. These misleading facts are very likely precisely what caused the issuing

8

Case 3:20-cr-00080-SLG-MMS   Document 82-4   Filed 05/05/21   Page 8 of 11

judge in this case to believe that there was probable cause to issue a search warrant for 5511 Windflower, Unit A, Anchorage AK.

MOISES MARTIN-LARA is of the position that Postal Inspector Horne deliberately or at the very least recklessly omitted providing information to the issuing judge. He will prove through the reports, law enforcement officer testimony and other evidence, that Inspector Horne was aware of the omitted facts and the deceptive nature or effect of his omission. As such, MOISES MARTIN-LARA will prove that Inspector Horne deliberately/ recklessly misrepresented or deliberately or recklessly failed to apprise the issuing judge of these material facts.

Accordingly, MOISES MARTIN-LARA respectfully submits that once the misleading information is excised from the affidavit, and once omitted information is considered, there was no probable cause to believe that evidence of crime was then located at 5511 Windflower Circle. Accordingly, all evidence obtained as a result of the execution of 3:20-MJ-00451-MMS must be suppressed.

As noted by the Supreme Court in <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983), the task of a magistrate, in evaluating search warrant applications, is to determine whether there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. This requires a particularized showing that is applicable to the place to be searched. MOISES MARTIN-LARA

9

respectfully submits that if the evidence was not misleading, it does not satisfy that requirement.

The uncorrupted facts would not suffice as a particularized showing that evidence of criminal activity was then located at 5511 Windflower Circle, Unit A, Anchorage AK.

## THERE WAS NO PROBABLE CAUSE TO ISSUE THE SEARCH WARRANTS BECAUSE THE AFFIDAVIT FAILED TO ESTABLISH THE K-9 RELIABILITY

"To rely on a dog sniff to furnish probable cause, the government needs to provide proof that the dog is reliable. See, e.g., United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir. 1993) (A "canine sniff alone can supply the probable cause necessary for issuing a search warrant if the application for the warrant established the dog's reliability.") A dog's extensive training **and** high success rate can Establish the dog's reliability. See id." United States v. Aparicio-Lopez, 2009 U.S. Dist. LEXIS 145618*.

> A canine sniff alone can supply the probable cause necessary for issuing a search warrant if the application for the warrant establishes the dog's reliability. *United States v. Spetz,* 721 F.2d 1457, 1464 (9th Cir. 1983). Pott's affidavit, together with the attached expertise statement from Officer Fleet, clearly established probable cause. The expertise statement stated that Carlos and Officer Fleet have participated in approximately 300 hours of training searches, and that Carlos has never given a false alert or failed to detect the drug and narcotic training aids that Carlos was asked to find. In all, **Carlos has performed approximately 500 investigations and has been successfully relied upon in the**

**past to sniff out narcotics**. The anonymous tip, which was substantially corroborated by the police, also supported the magistrate's finding of probable cause. <u>Illinois v. Gates,</u> 462 U.S. 213, 241-46, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983).

<u>United States v. Lingenfelter</u>, 997 F.2d 632, 639 (9th Cir. 1993).

Here, the search warrants did not establish the K-9's success rate. It simply established that the K-9 had been trained and how it performed during training as opposed to how it performed in the field. Because the K-9's reliability cannot be measured based on its training alone, the warrants failed to establish the K-9'S reliability. The K-9's reliability is brough to the fore front by the fact that when the parcel was opened, pills believed to be fentanyl were found. Neither of the K-9s involved were trained to detect or sniff out fentanyl.

Accordingly, the warrants should not have issued because they were not based on reliable articulable facts.

Dated this 5th day of May 2021.

/s/ REX L. BUTLER
Rex Lamont Butler
ABN8310105
Counsel for MOISES MARTIN-LARE

CERTIFICATE OF SERVICE
This is to certify that a true and correct copy of the foregoing instrument has been served electronically through the CM/ECF filing system to the U.S. Attorney, through Assistant United States Attorney, Mr. Stephan Collins on this 5th day of May 2021.

s/Rex Lamont Butler
Rex Lamont Butler and Associates Inc., P.C