# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MOISES MARTIN-LARA,

    Defendant.

Case No. 3:20-cr-00080-SLG-DMS

## ORDER REGARDING MOTION TO SUPPRESS

Before the Court at Docket 82-3 is defendant Moises Martin-Lara's Motion for Suppression of Evidence, which is supported by a memorandum at Docket 82-4. The government responded in opposition at Docket 92. The motion was referred to the Honorable Magistrate Judge Deborah M. Smith. At Docket 97, Judge Smith issued her Report and Recommendation, in which she recommended that the motion be denied. Mr. Martin-Lara objected to the Report and Recommendation at Docket 102. The government did not respond to Mr. Martin-Lara's objection.

I.    **Legal standard**

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3] However, even if no party objects to a final report and recommendation, "a district court's authority to review a magistrate judge's [findings and recommendations] is not conditioned on a party's making an objection" and "nothing in [28 U.S.C. § 636] precludes the district court from reviewing other findings or recommendations de novo if it chooses to do so."[4]

## II. Defendant's objections

Mr. Martin-Lara raises two objections to the Report and Recommendation, which he contends justify a *Franks* hearing.[5] Mr. Martin-Lara first asserts that U.S. Postal Inspector Horne omitted crucial facts from his search warrant affidavit, and that the omission of those facts "direct[ed] the magistrate's assessment away from

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[4] *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).

[5] *See* Docket 102 at 5.

Case No. 3:20-cr-00080-SLG-DMS, *United States v. Martin-Lara*
Order Re Motion to Suppress
Page 2 of 6
Case 3:20-cr-00080-SLG-DMS   Document 104   Filed 08/05/21   Page 2 of 6

inquiring whether the alleged [] defendant's statements resulted from an informed, voluntary and uncoerced waiver of his *Miranda* rights. As such, the magistrate judge could not apply the poisonous tree doctrine in assessing whether there was probable cause to issue a warrant."[6] Mr. Martin-Lara next contends that Postal Inspector Horne omitted facts, the omission of which "created an inference that the defendant was arrested at his house . . . . Had the facts not been omitted, it cannot reasonably be concluded that the magistrate would have found the [protective] sweep to be legal and thus consider resulting discoveries in assessing whether there was probable cause for a warrant to issue."[7]

Neither of these issues were raised in the motion to suppress and thus were not addressed in the magistrate judge's Report and Recommendation. This Court need not consider new arguments or evidence raised for the first time in objections to the Report and Recommendation.[8] Instead, this Court's decision to consider newly raised arguments is discretionary.[9] The Court will exercise its discretion and consider the new arguments.[10]

---

[6] Docket 102 at 3.

[7] Docket 102 at 5.

[8] *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

[9] *Id.* at 621–22; *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

[10] *See Howell*, 231 F.3d at 622 ("[I]n making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion.").

Case No. 3:20-cr-00080-SLG-DMS, *United States v. Martin-Lara*
Order Re Motion to Suppress
Page 3 of 6
Case 3:20-cr-00080-SLG-DMS   Document 104   Filed 08/05/21   Page 3 of 6

### III. *De novo* consideration of objections

The Court has considered *de novo* the issues raised by Mr. Martin-Lara's objections. The Court finds that omission of certain facts did not distract the magistrate "from inquiring whether the alleged . . . defendant's statements resulted from an informed, voluntary and uncoerced waiver of his *Miranda* rights."[11] Mr. Martin-Lara's assertions about omitted facts are speculative: He maintains that "[t]he officers involved *very likely had* their weapons drawn when arresting defendant" and faults the warrant affidavit for not including "what he was read in terms of the content of the alleged Miranda rights he was read."[12]

The Court further finds that the affidavit, by omitting certain facts, did not create an inference that Mr. Martin-Lara was arrested at his residence to the extent that it would have negated probable cause to search his residence.[13] In other words, even if the Court does not consider the information in the affidavit gathered during the protective sweep, the affidavit would still support probable cause. The affidavit indicates that Mr. Martin-Lara was arrested in or near a white Ford Fusion, and that "the content of the Subject Parcel which contained sham narcotics and GPS tracking device was found outside the White Ford fusion," and that the white

---

[11] Docket 102 at 3.

[12] Docket 102 at 3–4 (emphasis added).

[13] The search warrant affidavit is not a part of the record in this case but is entered in case number 3:20-mj-00451-MMS at Docket 1.

Case No. 3:20-cr-00080-SLG-DMS, *United States v. Martin-Lara*
Order Re Motion to Suppress
Page 4 of 6
Case 3:20-cr-00080-SLG-DMS   Document 104   Filed 08/05/21   Page 4 of 6

Ford Fusion had been parked outside his residence.[14] The affidavit also stated that Mr. Martin-Lara told officers that there was heroin in his residence.[15] Finally, the affidavit indicates that shortly after the controlled delivery of the Subject Parcel occurred, it was very likely taken by a third party directly to Mr. Martin-Lara's residence from the location of the controlled delivery.[16]

The Court also agrees with and accepts the magistrate judge's analysis regarding the denial of a *Franks* hearing. To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that (1) the affiant intentionally or recklessly made false or misleading statements or intentionally omitted facts and (2) that the statements or omissions were necessary to the finding of probable cause.[17] Mr. Martin-Lara has not made the necessary "substantial showing" of recklessness or intent by Postal Inspector Horne, and Postal Inspector Horne's omissions, if added to the search warrant affidavit, do not negate probable cause. The Court agrees with and accepts the magistrate judge's conclusion that even with the inclusion of the omitted information, "the affidavit continues to provide

---

[14] Case No. 3:20-mj-000451-MMS, Docket 1-1 at 11–12, ¶¶ 17, 19.

[15] Case No. 3:20-mj-000451-MMS, Docket 1-1 at 12, ¶ 21.

[16] Case No. 3:20-mj-000451-MMS, Docket 1-1 at 10–12, ¶¶ 14–17.

[17] United States v. Craighead, 539 F.3d 1073, 1080–81 (9th Cir. 2008) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

Case No. 3:20-cr-00080-SLG-DMS, *United States v. Martin-Lara*
Order Re Motion to Suppress
Page 5 of 6
Case 3:20-cr-00080-SLG-DMS   Document 104   Filed 08/05/21   Page 5 of 6

probable cause that 5511 Windflower Unit A contained evidence of drug offenses under 21 U.S.C. § 846, 841, 843(b), and 18 U.S.C. § 1956."[18]

In light of the foregoing, the Court adopts the Final Report and Recommendation, and IT IS ORDERED that the motion at Docket 82-3 is DENIED.

DATED this 5th day of August, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] Docket 97 at 11.

Case No. 3:20-cr-00080-SLG-DMS, *United States v. Martin-Lara*
Order Re Motion to Suppress
Page 6 of 6
Case 3:20-cr-00080-SLG-DMS   Document 104   Filed 08/05/21   Page 6 of 6