S. LANE TUCKER
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Email: stephan.collins@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>MOISES MARTIN-LARA,<br><br>Defendant. | No. 3:20-cr-00080-001-SLG<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

## SUMMARY OF SENTENCING RECOMMENDATIONS

TERM OF IMPRISONMENT……………………………..…………………150 MONTHS

TERM OF SUPERVISED RELEASE……………..………………………60 MONTHS

SPECIAL ASSESSMENT………………………………………………………$100.00

FORFEITURE……………………………………..…As Agreed upon in Plea Agreement

RESTITUTION……………………………………………………………………NA

## I. GUIDELINE APPLICATIONS

### A. Total Adjusted Offense Level

Following his guilty plea, the defendant will be convicted on Count 1 of the Indictment, Drug Conspiracy, in violation of 21 U.S.C. § §846 and 841(b)(1)(C). In its presentence report, for the defendant, the United States Probation Office, has calculated the defendant's total adjusted offense level to be 27. The USPO has also recommended that the Court find the defendant's criminal history category to be V. The United States has no objections with these conclusions

## II. SENTENCE RECOMMENDATION

According to the advisory guideline's calculations, the defendant's sentence range is between 120 and 150 months of imprisonment. The United States recommends that the Court impose a sentence of 150 months of imprisonment.

## III. FACTORS PURUSANT TO 18 U.S.C. § 3553(a)

In addition to calculating the defendant's sentencing range under the advisory Sentencing Guidelines, the Court must also consider the factors and purposes enumerated in 18 U.S.C. § 3553(a). Here, those factors indicate that the sentence proposed by the United States is "sufficient, but not greater than necessary . . ." to achieve these goals. 18 U.S.C. § 3553(a).

The first factor under § 3553(a) is really a twofold one that charges courts to consider both "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Title 18, U.S.C. § 3553(a) charges that sentences should be designed "to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Deterrence is also an important consideration, as is the need to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). Finally, in fashioning a sentence in this case, the Court should strive to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The United States adopts the analysis of the § 3553(a) factors that the USPO has set forth in the pre-sentence report. In sum, the Court should impose a maximum sentence upon this defendant because he has show little to no respect for the law nor the conditions f supervision this Court previously imposed. He is at a high risk of recidivism. The chances that he will engage in similar conduct upon release is extremely high. Incapacitation for the safety of the general public is the only reasonable sentencing goal that can be accomplished in this case.

## IV. CONCLUSION

In light of the factors detailed herein, and for the reasons set forth in the defendant's presentence report, the United States respectfully requests that the Court impose a sentence of 150 months of imprisonment with a term of 60 months of supervised release to follow. The United States does not seek the imposition of a fine. There is no restitution. The special assessment of $100.00 is mandatory. Forfeiture is as agreed upon in the plea agreement.

//

//

//

RESPECTFULLY SUBMITTED June 26, 2023, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Stephan A. Collins
STEPHAN A. COLLINS
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023
a true and correct copy of the foregoing was
served electronically on counsel of record.
Rex Lamont Butler

s/ Stephan A. Collins
Office of the U.S. Attorney