Rex Lamont Butler
745 W. 4th Ave., Suite 300
Anchorage, Alaska, 99501
Tel: (907)272-1497
Fax: (907) 276-3306
rexbutlercalendar@gmail.com
Attorney For Defendant

Rex Lamont Butler
745 W. 4th Ave., Suite 300
Anchorage, Alaska, 99501
Tel: (907)272-1497
Fax: (907) 276-3306
rexbutlercalendar@gmail.com
Attorney For Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 3:20-CR-00080-001-SLG |
| MOISES MARTIN-LARA, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, MOISES MARTIN-LARA (MARTIN-LARA) entered a plea of guilty to a count of the Indictment in this case: 1 - Drug Conspiracy, in violation of 21 U.S.C. § 846. [See DKT 140 page 2 of 17].

MARTIN-LARA admitted the truth of the following allegations: Between April I and September 9th, 2020, MOISES MARTIN-LARA entered into an agreement with others to obtain quantities of schedule I and II controlled substances, including heroin, methamphetamine, cocaine, and pills containing N-phenyl-N [1-(2- phenylethyl)4-piperidinyll propenamide, a.k.a. Fentanyl, for distribution in Anchorage, Alaska. On September 9, 2020, MARTIN-LARA and Kenyon Jackson together went to retrieve a

package containing pills laced with Fentanyl that had been sent from a source in Arizona. MARTIN -LARA went to retrieve that package with the intent of distributing its contents to others in Anchorage, Alaska. He did this for the purpose of helping those in the agreement to meet their goal of distributing controlled substances. MARTIN-LARA also had in his possession a quantity of heroin that he also intended to distribute in furtherance of the agreement. [See DKT 140 page 3 of 17].

## GUIDELINES

### 1. BASE OFFENSE LEVEL

BASED ON THE TERMS IN THE PLEA AGREEMENT, MARTIN-LARA'S BASE OFFENSE LEVEL IS **14**

Plea agreements are contractual in nature and are measured by contract law standards. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993). Any ambiguity is read against the government. Id. at 1338. The Court will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face. United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005) (citation omitted).

In United States v. Yong Lee,725 F.3d 1159 (9th Cir. 2013) the court of appeals stated that, "the district court committed two errors in calculating the Guidelines range. Relevant here is the second error. The court stated that the district court incorrectly calculated the base offense level because it improperly held that Lee had pled guilty to transporting

methamphetamine of a certain purity level. Accordingly, the court vacated and remanded the case for resentencing. Lee, at 1167.

Here, pursuant to the Rule 11 agreement MARTIN-LARA pled guilty to count 1 of the indictment in this case: "intent to distribute a Schedule 1 and Schedule II controlled substance, to include: heroin, oxycodone, methamphetamine, and cocaine, which is in violation of 21 U.S.C. § 841(a)(1). All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C)." (See Dkt. 2 page 2 of 3).

Because there is no ambiguity in the plea agreement, the government knows how to write and include terms in plea agreements. Defendant submits that minimum quantities of the substances in the plea agreement he pled to must be used to calculate his base offense level. Calculating base offense levels using terms that are not part of the plea agreement would enhance MARTIN-LARA's sentence and cause a disproportionate impact.

Sentencing enhancements that have a "disproportionate impact" on the length of a sentence must be proven by clear and convincing evidence. United States v. Jordan, 256 F.3d 922, 927-28 (9th Cir. 2001). In Jordan, the court noted that in United States v. Hopper, 177 F.3d 824, 833 (9th Cir. 1999) it was ruled that the facts underlying the enhancement should have been proved by clear and convincing evidence where the seven-level adjustment increased the defendant's sentencing range. Jordan, at 926.

Using the minimum weight of heroin -10 grams, cocaine -50 grams, methamphetamine -5 grams and oxycodone -1gram places MARTIN-LARA's base offense at level 14.

MARTIN-LARA's offense level is 14.

## 2. SPECIFIC OFFENSE CHARACTERISTICS

Not applicable.

MARTIN-LARA's offense level remains at 14.

## 3. ADJUSTMENT FOR ROLE IN THE OFFENSE

Not applicable.

MARTIN-LARA's offense level remains at 14.

## 4. SAFETY VALVE

MARTIN-LARA DOES NOT MEET THE CRITERIA SET OUT IN USSG §5C1.2.

MARTIN-LARA has more than 4 criminal history points and two of his prior convictions count for three (3) points. As such, he seems to have a disqualifying criminal history point total.

## 5. ACCEPTANCE OF RESPONSIBILITY

MARTIN-LARA agrees with the PSR writer's assessment (dkt. 156 Page 11 of 24, Paragraph 26) a reduction of two (2) points from his adjusted offense level for acceptance of responsibility. Therefore, MARTIN-LARA's base offense level is reduced to 11. (14-2=12).

## 6. TOTAL OFFENSE LEVEL

As a result of the foregoing adjustments, MARTIN-LARA's total offense level is 12 category V.

## 7.  ADVISORY GUIDELINE SENTENCING RANGE

The Guidelines sentencing range for a person with a total offense level of 12 and a criminal history category of V is 27-33 months.

## 8.  SENTENCING GOAL

### 18 U.S.C. § 3553 FACTORS

The guideline range is advisory and not mandatory.  In fashioning a sentence, this Court, after calculating the Guidelines range, should consider both the Guidelines range and the sentencing factors articulated in 18 U.S.C. 18 U.S.C. §3553(a).  In light of those factors, this Court should require MARTIN-LARA  to serve "...a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection [3553(a)]".  United States v. Booker, 125 S.Ct. 738, 769-70 (January 12, 2005); 18 U.S.C. Sec 3553(a).  Extraordinary circumstances are not needed to justify a sentence outside the Guidelines range.  United States v. Ruff, 535 F.3d 999, 1002 (Ninth Cir. 2008), United States v. Gall, 128 S.Ct. 586, 595 (2007).   As stated by the Supreme Court in Gall:

> We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

Gall, 128 S.Ct., at 595.

If the Court finds, after consideration of all arguments and presentments that defendant's calculation meets the applicable Guidelines range (27-33months), it should consider a sentence at the mandatory minimum of 33 months.

18 U.S.C. §3553(a) articulates the applicable goals and considerations as follows

**Nature of Offense**

MARTIN-LARA entered into an agreement with others to obtain quantities of controlled substances for distribution in Anchorage, Alaska. He does not wish to minimize the gravity of his offense and acknowledges that he erred.

**Seriousness Of Offense/Respect For Law/Just Punishment**

MARTIN-LARA submits that a lengthy prison sentence is not required. Even though he committed a crime, he had no intent to hurt anybody. He acknowledges that his crime hurt his community.

**Deterrence**

Deterring future misconduct by MARTIN-LARA does not require a lengthy prison sentence. A moderate custodial sentence coupled with supervised release should suffice to deter MARTIN-LARA and help reintegrate him into society as a productive citizen.

**Protection Of The Public**

A moderate custodial sentence coupled with supervised release is a sufficient deterrent and way of protecting the public.

**Unwarranted Sentence Disparities**

MARTIN-LARA submits that a sentence of 30 months is sufficient and in line with the plea agreement.

**Education/Rehabilitation/Other Correctional Treatment**

Incarceration for a lengthy period of time is not required to advance rehabilitation. MARTIN-LARA. Being isolated for a lengthy period of time and restricted to questionable influencers, older inmates and career offenders will not facilitate the kind of rehabilitation needed.

**Restitution**

**Fine**

MARTIN-LARA is not in a position to pay a fine.

**Drug Treatment**

MARTIN-LARA needs to complete drug treatment and counseling as part of his rehabilitation. He should be recommended for drug treatment programs.

**CONCLUSION**

MARTIN-LARA has struggled with drug abuse, and likely emotional turmoil with no outlet. He needs help in the form of drug treatment and counseling. He let himself down and seems to understand that it is on him with some support of the community, to get back on his feet and on the right side of the law.

With humility, MARTIN-LARA respectfully requests that the court find that he does not require a long period of isolation to meet the sentencing criteria under 18 U.S.C. §3553(a).

MARTIN-LARA is requesting a sentence of 33 months.

Submitted this 27th day of June 2023, in Anchorage, Alaska.

/s/ Rex L. Butler
Rex Lamont Butler

Certificate of Service:
I hereby certify on this 27th day of June 2023, a true and correct copy of defendant's sentencing memorandum was served on AUSA Stephan A. Collins, 222 W. 7th Avenue, #9, Room 253, Anchorage, Alaska, 99513-7567, via electronic filing.

/s/ Rex L. Butler
Rex Lamont Butler.